848 F.2d 498
 1989 A.M.C. 872
 Alejandro HERNANDEZ, Plaintiff-Appellee,
v.
M/V RAJAAN, etc., and Dianella Shipping Corporation,
Defendants-Third Party Plaintiff-Appellants,
v.
ISHIKAWAJIMA HARIMA HEAVY INDUSTRIES, LTD., Cargill, Inc.,
et al., Third Party Defendants-Appellees.
Alejandro HERNANDEZ, Plaintiff-Appellee,
v.
M/V RAJAAN, Her Engines, Tackle, etc., in rem, and Dianella
Shipping Corporation, Defendants-Appellants.
 Nos. 85-2608, 87-2044.
 United States Court of Appeals,
Fifth Circuit.
 June 20, 1988.
 
 Kenneth D. Kuykendall, Royston, Rayzor, Vickery & Williams, Houston, Tex., Robert DeLange, Galveston, Tex., for Dianella, etc., and M/V Rajaan, etc.
 Edward J. Hennessy, Helm, Pletcher, Hogan, Bowan & Saunders, Earl B. Austin, Baker & Botts, Houston, Tex., for Cargill, Inc.
 David G. Matthiesen, Funderburk & Funderburk, Houston, Tex., for Langston Companies, Inc., et al.
 Stephen W. Hanks, Timothy H. Pletcher, Houston, Tex., for Alejandro Hernandez.
 Louis E. McCarter, Richard L. Lagarde, Houston, Tex., for Ishikawajima Harima Heavy, Industries.
 Butler & Binion, Walker Beavers, Robert D. Arredondo, Houston, Tex., for Brazos River Harbor Navigation Dist.
 Gary H. Miller, Fulbright & Jaworski, Houston, Tex., for Texas Employers' Ins. Ass'n.
 John P. Forney, Jr., Houston, Tex., for Ohji Seiki-Kogyo Kabushiki Kaishi.
 Robert L. Adams, Houston, Tex., for Synthetic Industries, Inc.
 Robert S. MacIntyre, Jr., Houston, Tex., for Euro Grain Trading, Ltd.
 Edward J. Hennessy, Randall D. Wilkins, Houston, Tex., for Affiliated Rice Mills.
 Appeals from the United States District Court for the Southern District of Texas.
 Before CLARK, Chief Judge, BRIGHT* and POLITZ, Circuit Judges.
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 (Opinion March 30, 1988, 5 Cir., 1988, 841 F.2d 582)
 PER CURIAM:
 
 
 1
 In its petition for rehearing, Dianella correctly points out that the legal and factual issues involved in our determination that Hernandez had demonstrated eligibility for permanent resident status under the Immigration Reform and Control Act of 1986, 8 U.S.C. Secs. 1101 et seq. (1987), were not properly briefed or developed in either this court or the district court. Part B(ii) of this court's opinion of March 30, 1988, 841 F.2d 582, which concluded that Hernandez had demonstrated his eligibility for permanent resident status under the Immigration Reform and Control Act, was improper, and that part of our opinion is hereby withdrawn and the following is substituted:
 
 
 2
 ii) U.S. or Mexican Rates
 
 
 3
 In calculating lost wages and medical expenses, the district court assumed that Hernandez could continue working as a United States longshoreman despite evidence that he was an illegal alien who had been deported on several previous occasions and whose wife and three children resided in Mexico. The court based its assumption on its finding that Hernandez intended to reside permanently in the United States.
 
 
 4
 The court's assumption that an illegal alien may collect lost wages and medical expenses based on United States rates is challenged by Dianella on the basis of Sure-Tan, Inc. v. N.L.R.B., 467 U.S. 883, 104 S.Ct. 2803, 81 L.Ed.2d 732 (1984). In Sure-Tan, the Supreme Court remanded an award of back pay to several illegal aliens, stating that:
 
 
 5
 "in computing backpay, the employees must be deemed 'unavailable' for work (and the accrual of backpay therefore tolled) during any period when they were not lawfully entitled to be present and employed in the United States."
 
 
 6
 Sure-Tan, 104 S.Ct. at 2814. Dianella argues that Hernandez similarly should be deemed ineligible to recover lost future United States wages and United States medical expenses because he was not entitled to be present and employed in the United States for the remainder of his life.
 
 
 7
 Hernandez asserts that he was working in the United States at the time of his injury, and the district court found that he intended to continue working in this country on a permanent basis. The record demonstrates that Hernandez had been in the United States since 1970 for substantial periods of time and had worked as a longshoreman for almost four years preceding the accident. At the time of the accident, Dianella was accepting Hernandez's labors on the M/V RAJAAN without regard to the status of his citizenship. As a private citizen, Dianella's relationship to Hernandez is not the same as the plaintiffs' relationship with their employer in Sure-Tan, in which a back-pay remedy applied by the National Labor Relations Board was found to implicate labor policy considerations.
 
 
 8
 The question here is whether, given Hernandez's status as an illegal alien, the district court's decision to grant damages to Hernandez for future lost wages based upon his employment status at the time of injury and for the lengthy period preceding injury was clearly erroneous. Sosa v. M/V LAGO IZABAL, 736 F.2d 1028, 1035 (5th Cir.1984). We conclude that it was not.
 
 
 9
 The burden of proof in the calculation of damages was initially on Hernandez who had to establish the damages his injury had caused and was likely to cause in the future. Once Hernandez proved his prior wages in the United States, the burden shifted to Dianella to establish that the use of past wages to calculate future damages was factually improper and, if so, what a proper measure of damages should be. Because Dianella presented no proof that Hernandez was about to be deported or would surely be deported, the court did not err in basing its award on Hernandez's past earnings stream as required by Culver II. Dianella is liable to make Hernandez whole for the injury inflicted. It cannot defeat his right to recover by asserting that his award for future lost wages should be based upon speculation regarding what he might be earning were he in Mexico. Hernandez has now applied for amnesty under the Immigration Reform and Control Act of 1986, but this development is a matter that we need not now consider.
 
 
 10
 This correction of Part B(ii) of our opinion of March 30, 1988, does not affect our partial affirmance of the district court's use of U.S. wage rates for the calculation of Hernandez's damages.
 
 
 11
 In all other respects, the petition for rehearing is DENIED, and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is DENIED.
 
 
 
 *
 Circuit Judge of the Eighth Circuit, sitting by designation