GARWOOD, Circuit Judge,
concurring in the result:
I concur in the result. The ALJ and the BRB both rejected Bollinger’s reliance on Rodriguez’s being an illegal alien subject to deportation under the 1986 Immigration Reform and Control Act, on the basis that Bollinger had not established that Rodriguez “was about to be deported or would surely be deported” as provided in our opinion on rehearing in Hernandez v. M/V Rajaan, 848 F.2d 498, 500 (5th Cir.1988). There we stated:
“The question here is whether, given Hernandez’s status as an illegal alien, the district court’s decision to grant damages to Hernandez for future lost wages based upon his employment status at the time of injury and for the lengthy period preceding injury was clearly erroneous .... We conclude that it was not.
The burden of proof in the calculation of damages was initially on Hernandez who had to establish the damages his injury had caused and was likely to cause in the future. Once Hernandez proved his prior wages in the United States, the burden shifted to Dianella [the vessel owner] to establish that the use of past wages to calculate future damages was factually improper and, if so, what a proper measure of damages should be. Because Dianella presented no proof that Hernandez was about to be deported or would surely be deported, the court did not err in basing its award on Hernandez’s past earnings stream. Dianella is liable to make Hernandez whole for the injury inflicted. It cannot defeat his right to recover by asserting that his award for future lost wages should be based upon speculation regarding what he might be earning were he in Mexico.”
While it is true that Hernandez was a suit under 33 U.S.C. § 905(b), that does not serve to distinguish it for these purposes, because, as the director points out, § 905(b) actions are only available to those covered under the LHWCA. Bollinger does not dispute that.
The record contains no evidence that Rodriguez is, or was when he was injured in October 2003, or has been at any time since then, “about to be deported” or “would surely be deported,” and Bollinger makes no meaningful contention otherwise. Accordingly, we are bound by Hernandez. I would leave it at that.